Yakub Hazzard, Bar No. 150242 (YHazzard@rkmc.com)
David Martinez, Bar No. 193183 (DMartinez@rkmc.com)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  310-552-0130
Facsimile:   310-229-5800

Attorneys for Defendants
T.J. MAXX OF CA, LLC, MARSHALLS OF MA, INC.,
MARSHALLS OF CA, LLC, MAURICES
INCORPORATED, SEVENTY TWO, INC. and CHIU
FAI YEUNG

Scott R. Miller, Bar No. 112656 (SMiller@cblh.com)
CONNOLLY BOVE LODGE & HUTZ LLP
333 South Grand Avenue, Suite 2300
Los Angeles, CA  90071
Telephone:  213-787-2510
Facsimile:   213-687-0498

Attorneys for Defendant
MAURICES INCORPORATED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA PRINTEX INDUSTRIES, INC., | **Case No.  CV 09-5868 PA (FFMx)** |
| Plaintiff, | **[Assigned to the Honorable Percy Anderson]** |
| v. | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| T.J. MAXX OF CA, LLC; MARSHALLS OF MA, INC., MARSHALLS OF CA LLC; MAURICES INCORPORATED; SEVENTY TWO, INC.; CHIU FAI YEUNG and DOES 1 through 10, inclusive, | Date:       November 16, 2009<br>Time:       1:30 p.m.<br>Place:      Courtroom 15 |
| Defendants. | [Declaration of David Martinez, Request for Judicial Notice and [Proposed] Order filed concurrently herewith] |

/ / /

/ / /

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 16, 2009 at 1:30 p.m., or as soon thereafter as the Motion may be heard at the United States District Court, located at 312 N. Spring Street, Courtroom 15, Los Angeles, CA  90012, Defendants T.J. Maxx of CA, LLC, Marshalls of MA, Inc., Marshalls of CA, LCC, Maurices Incorporated, Seventy Two, Inc. and Chiu Fai Yeung (collectively "Defendants") will and hereby does move this Court for an Order dismissing the entire First Amended Complaint ("FAC") without leave to amend on grounds that Plaintiff LA Printex Industries, Inc fails to state any claim upon which relief can be granted, as follows:

1.   Plaintiff asserts no cognizable claim for relief against Defendant Chiu Fai Yeung;

2.   Plaintiff's copyright claims arising from Designs 1 and 3 (attached as Exhibits 1 and 3 to the FAC) fail as a matter of law; and

3.   Plaintiff lacks standing to assert any copyright claims relevant to Designs 2 and 3 (attached as Exhibits 2 and 3 to the FAC).

The Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the supporting Declaration of David Martinez and Request for Judicial Notice, the [Proposed] Order lodged concurrently herewith, the Court's file on this matter, and upon such and further evidence and argument as may be presented prior to or at the time of the hearing on this Motion.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1

## PRE-MOTION CONFERENCE

2          This Motion is made following the conference of counsel pursuant to L.R. 7-

3    3, which took place on September 24 and October 19, 2009.

4

5                                    Respectfully submitted,

6    DATED:  October 26, 2009    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

7

8                                    By:___/S/ David Martinez_____
                                          David Martinez

9                                    Attorneys for Defendants T.J. MAXX OF CA, LLC,
                                     MARSHALLS OF MA, INC., MARSHALLS OF
10                                   CA, LLC, MAURICES INCORPORATED,
                                     SEVENTY TWO, INC. and CHIU FAI YEUNG

11   DATED:  October 26, 2009    **CONNOLLY BOVE LODGE & HUTZ LLP**

12

13                                   By:___/S/ Scott R Miller_____
                                          Scott R. Miller

14                                   Attorneys for Defendant MAURICES
                                     INCORPORATED

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................. 1

II.    STATEMENT OF FACTS ................................................ 3

III.   PLAINTIFF'S COPYRIGHT CLAIMS AGAINST MR. YEUNG
FAIL AS A MATTER OF LAW .......................................... 4

    A.   Plaintiff May Not Rely On Legal Conclusions And Must
        Allege Specific Facts Showing How Mr. Yeung Purportedly
        Infringed ................................................................. 4

    B.   Plaintiff Fails To Plead Any Facts Stating Any Claim For
        Contributory Copyright Infringement Against Mr. Yeung .......... 6

    C.   Plaintiff Fails To Plead Any Facts Stating Any Claim For
        Vicarious Copyright Infringement Against Mr. Yeung ................ 8

    D.   Plaintiff Asserts No Allegations of Direct Copyright
        Infringement Against Mr. Yeung ...................................... 10

    E.   The Court Should Dismiss Plaintiff's Copyright Claims
        Against Mr. Yeung Without Leave To Amend .............................. 10

IV.   PLAINTIFF'S COPYRIGHT CLAIMS ARISING FROM
DESIGNS ONE AND THREE FAIL BECAUSE THE
COPYRIGHTED AND ACCUSED DESIGNS ARE NOT
VIRTUALLY IDENTICAL ................................................. 11

    A.   Non-Infringement Is Ripe For Adjudication At The Pleading
        Stage ................................................................. 11

    B.   Plaintiff Is Only Entitled To A Thin Copyright That
        Protects Only Against "Virtually Identical" Copying ................ 12

    C.   The Copyrighted And Accused Designs Are Neither
        Substantially Similar Nor Virtually Identical ........................ 15

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

- i -

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS

**TABLE OF CONTENTS**
(continued)

Page

       1.     Design No. 1 – The Butterfly / Flower Design......................15

       2.     Design No. 3 – The Flower / Paisley Design .........................16

   D.    Dismissal of Plaintiff's Copyright Claims Is Consistent With The Fundamental Policies Underlying Copyright Law ................18

V.    PLAINTIFF ALLEGES NO FACTS ESTABLISHING COPYRIGHT STANDING FOR DESIGNS TWO AND THREE ........19

   A.    Plaintiff Bears The Burden Of Asserting Facts Establishing That It Possesses Standing And That The Court Therefore Has Jurisdiction To Hear Plaintiff's Copyright Claims ..............19

   B.    Plaintiff Pleads No Facts Showing That It Owns A Valid, Single-Work Copyright Registration .................................................20

VI.   CONCLUSION...............................................................................22

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aliotti v. R. Dakin & Co.*,
831 F.2d 898 (9th Cir. 1987) ........................................................ 13, 17

*Anderson v. Abbott*,
321 U.S. 349 (1944).............................................................................. 10

*Apple Computer Corp. v. Microsoft Corp.*,
35 F.3d 1435 (9th Cir. 1994) ....................................................... 12, 17

*Atari, Inc. v. Amusement World, Inc.*,
547 F. Supp. 222 (D. Md. 1981).......................................................... 15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................ 4, 5

*Berkic v. Crichton*,
761 F.2d 1289 (9th Cir. 1985) .............................................................. 15

*Brought to Life Music, Inc. v. MCA Records, Inc.*,
2003 U.S. Dist. LEXIS 1967 (S.D.N.Y. Feb. 14, 2003) ............... 5, 8, 9

*Capcom Co. v. MKR Group, Inc.*,
2008 U.S. Dist. LEXIS 46312 (N.D. Cal. June 12, 2008)..................... 11

*Carell v. Shubert Org.*,
104 F. Supp. 2d 236 (S.D.N.Y. 2000) ............................................ 5, 7, 8

*Christianson v. West Pub. Co.*,
149 F.2d 202 (9th Cir. 1945) ........................................................... 2, 11

*Cinema Concepts Theatre Service Co. v. Filmack Studios*,
1989 U.S. Dist. LEXIS 5640 (N.D. Ill. May 15, 1989)........................... 6

*CNN, L.P. v. GoSMS.com, Inc.*,
2000 U.S. Dist. LEXIS 16156 (S.D.N.Y. 2000) .......................6, 7, 8, 10

*Delorme v. United States*,
354, F.3d 810 (8th cir. 2004) ............................................................... 19

*Ets-Hokin v. Skyy Spirits, Inc.*,
323 F.3d 763 (9th Cir. 2003) ......................................................... 12, 17

*Express v. Fetish Group, Inc.*,
424 F.Supp. 2d 1211 (C.D.Cal. 2006) ................................................. 14

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517 (1994)............................................................................. 18

*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*,
886 F.2d 1545 (9th Cir. 1989) ............................................................... 9

*Frybarger v. International Business Machines Corp.*,
812 F.2d 525 (9th Cir. 1987) ......................................................... 12, 17

*FW/PBS, Inc. v. City of Dallas*,
493 U.S. 215 (1990).......................................................................19, 22

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS

1

2

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

3

*Galiano v. Harrah's Operating Co.*,
  2004 U.S. Dist. LEXIS 8265 (E.D. La. May 10, 2004) ...................................5, 8, 9

4

*George S. Chen Corp. v. Cadona Int'l, Inc.*,
  2008 U.S. App. LEXIS 1147, 266 Fed. Appx. 523 (9th Cir. Jan. 17, 2008) .......14

5

*Goes Litho. Co. v. Banta Corp.*,
  26 F. Supp. 2d 1042 (N.D. Ill. 1998)....................................................................6, 9

6

*Gonzales v. Transfer Techs., Inc.*,
  301 F.3d 608 (7th Cir. 2002) ...................................................................................18

7

*Hambleton Bros. Lumber Co. v. Balkin Enters.*,
  397 F.3d 1217 (9th Cir. 2005) .................................................................................10

8

*Herbert Rosenthal Jewelry Corp. v. Kalpakian*,
  446 F.2d 738 (9th Cir. 1971) ...................................................................................17

9

10

*Identity Arts v. Best Buy Enter. Serv., Inc.*,
  2007 U.S. Dist. LEXIS 32060 (N.D. Cal. Apr. 18, 2007)....................................11

11

*In re Elevator Antitrust Litig.*,
  502 F.3d 47 (2d Cir. 2007) ........................................................................................4

12

*Kay Berry, Inc. v. Taylor Gifts, Inc.*,
  421 F.3d 199 (3d Cir. 2005) .....................................................................................20

13

*Kelly v. L.L. Cool J*,
  145 F.R.D. 32 (S.D.N.Y. 1992)....................................................................5, 8, 9, 21

14

15

*Kodadek v. MTV Networks, Inc.*,
  152 F.3d 1209 (9th Cir. 1988) .................................................................................19

16

*Lake v. Columbia Broad. Sys., Inc.*,
  140 F. Supp. 707 (S.D. Cal. 1956) ..........................................................................11

17

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
  350 F.3d 1018 (9th Cir. 2003) ............................................................................19, 22

18

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)...................................................................................................19

19

20

*Marvullo v. Gruner & Jahr*,
  105 F. Supp. 2d 225 (E.D.N.Y. 2000) ....................................................................5, 8

21

*Nelson v. PRN Prods.*,
  873 F.2d 1141 (8th Cir. 1989) .................................................................................11

22

*Netbula, LLC v. Chordiant Software, Inc.*,
  2009 U.S. Dist. LEXIS 25372 (N.D. Cal. March 20, 2009)..........................5, 7, 8

23

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
  494 F.3d 388 (9th Cir. 2007) ................................................................................6, 8, 9

24

25

*Rice v. Fox Broad. Co.*,
  330 F.3d 1170 (9th Cir. 2003) .................................................................................12

26

*Satava v. Lowry*,
  323 F.3d 805 (9th Cir. 2003) ........................................2, 12, 13, 14, 15, 16, 17, 18

27

28

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES
## (continued)

**Page**

*See v. Durang*,
711 F.2d 141 (9th Cir. 1983) ............................................................12

*Softel Inc. v. Dragon Medical and Scientific Communications Inc.*,
118 F.3d 955 (2d Cir. 1997) ..........................................................7, 9

*Thomas v. Walt Disney Co.*,
2008 U.S. Dist. LEXIS 14643 (N.D. Cal. Feb. 14, 2008) ....................11

*Transphase Sys. v. Southern California Edison*,
839 F. Supp. 711 (C.D. Cal. 1993) ........................................................4

*UMG Recordings, Inc. v. Veoh Networks Inc.*,
2009 U.S. Dist. LEXIS 14955, No. CV 07-5744 AHM
(C.D.Cal. Feb. 2, 2009).........................................................5, 7, 8, 9

*UMG Recordings, Inc. v. Veoh Networks Inc.*,
2009 U.S. Dist. LEXIS 70553, No. CV 07-5744 AHM
(C.D.Cal. May 5, 2009) ...........................................7, 8, 9, 10, 11, 22

*Williams v. Crichton*,
84 F.3d 581 (2d Cir. 1996) ...............................................................17

*Zella v. E.W. Scripps Co.*,
529 F. Supp. 2d 1124 (C.D. Cal. 2007) ..............................................11

**Statutes**

17 U.S.C.
§ 102 (b).......................................................................................12, 16

17 U.S.C.
§ 408(c)(1) ...........................................................................................20

17 U.S.C.
§ 411(a) ....................................................................................3, 19, 21

37 C.F.R.
§ 202.3(b)(4) ........................................................................................20

37 C.F.R.
§ 202.3(b)(4)(i)(a) ...........................................................................3, 20

37 C.F.R.
§ 202.3(b)(5-10) ..................................................................................20

**Other Authorities**

U.S. Constitution,
Art. I, § 8, cl. 8 ...................................................................................18

U.S. Copyright Office, Compendium II:
Compendium of Copyright Office Practices
§ 607.01 at 600-11 (1984) ...................................................................21

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS

1    Defendants T.J. Maxx Of CA, LLC, Marshalls of MA, Inc., Marshalls of CA,

2  LLC, Maurices Incorporated, Seventy Two, Inc. and Chiu Fai Yeung (collectively,

3  "Defendants") respectfully submit their Memorandum of Points and Authorities in

4  Support of their Motion to Dismiss Plaintiff, L.A Printex Industries, Inc.'s

5  ("Plaintiff") First Amended Complaint ("FAC"), as follows:

6

7                **MEMORANDUM OF POINTS AND AUTHORITIES**

8                                  **I.**

9                            **INTRODUCTION**

10    This is the 160th copyright action brought by Plaintiff in this District Court

11  over the last five years and the tenth such case assigned to this Court (seven in the

12  last 20 months alone). [1]   In each action, Plaintiff typically demands hundreds of

13  thousands of dollars in statutory damages and attorneys' fees from clothing retailers

14  and their vendors. [2]   Apparently emboldened by the leverage that such mass

15  litigation has exerted on the garment industry, Plaintiff's FAC in this case attempts

16  to burst the bounds of copyright law well beyond Congressional intent and Ninth

17  Circuit precedent.

18    In a familiar tune, Plaintiff alleges that four garments sold by Defendants

19  infringe three of Plaintiff's purportedly copyrighted fabric designs.  Two of the

20  copyrighted designs (FAC Exhibits 1 & 3) [3] consist of naturally occurring elements

21  such as flowers and butterflies.  Under Ninth Circuit precedent, Plaintiff is only

22  entitled to a "thin copyright" over these designs "that protects against only

23  _____

24  [1] *See* Request for Judicial Notice ("RJN"), at Exh. A, at pgs. 8-12; Exh. B, at pg.
     12.

25

26  [2] *See*, *e.g.,* FAC, at pg. 10, ¶¶ 1-7.

27  [3] The copyrighted designs are attached as Exhibits 1-3 to the FAC (hereinafter,
     "Designs 1-3" or "Plaintiff's Designs").  The accused designs are attached as

28  Exhibits 4-7 to the FAC (hereafter "Designs 4-7" or "Accused Designs").

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

virtually identical copying." *See Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003).

A comparison of these two copyrighted designs (Designs 1 & 3) and the corresponding accused designs (Designs 4, 5 & 7) is illustrative of Plaintiff's gross overreaching and easily reveals the absence of both the "substantial similarity" standard generally applicable to copyright claims, and the "virtual identity" standard applicable in this case. Thus, under long-standing Ninth Circuit precedent, this Court can and should find the absence of infringement as a matter of law. *See Christianson v. West Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945) ("There is ample authority for holding that when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss").

The Complaint is riddled with two additional pleading defects that similarly require dismissal as a matter of law. First, in an unfamiliar tune, and without a scintilla of factual support, Plaintiff has asserted contributory and vicarious copyright infringement claims against Mr. Chiu Fai Yeung, the chief executive officer of defendant Seventy Two, Inc. ("Mr. Yeung"). Notwithstanding an opportunity cure this defect, Plaintiff's FAC again fails to allege any facts – beyond Mr. Yeung's status as the CEO – that would remotely support any claim against him. *See* FAC, at ¶ 12. Mere status alone is utterly insufficient to state a cognizable claim for contributory or vicarious infringement. Plaintiff must allege ultimate facts showing by what acts Mr. Yeung infringed. Otherwise, every chief executive officer could be subjected to gratuitous litigation in every copyright infringement action, as result antithetical to both the copyright laws and well-settled principles of corporate governance. Plaintiff's failure to cure this fundamental defect requires dismissal of all claims against Mr. Yeung without leave to amend.

/ / /

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Finally, Plaintiff alleges no facts establishing proper copyright registration relevant to Designs 2 and 3, [4] and thus lacks copyright standing.  These two designs are part of larger design collections registered as single-work copyright registrations.  Such registration is only proper where:  (1) all items in the collection *are published* as a single collective unit and; (2) the copyright registrant is the same for all designs in the collection. The FAC contains no such allegation and the failure to do so does not appear to be an oversight, as Defendants raised this issue in response to Plaintiff's original Complaint.  Plaintiff could have easily cured this defect in the FAC, but failed to do so.  For these reasons, the Court should dismiss the FAC claims without leave to amend.

## II.

### STATEMENT OF FACTS

Plaintiff filed its FAC on October 5, 2009 in response to Defendants' correspondence raising numerous defects in Plaintiff's original Complaint. [5] Plaintiff asserts that garments sold by Defendants infringe on Plaintiff's Designs 1-3.  *See* FAC, at Exhs. 1-7.  Specifically, Plaintiff claims that Designs 4 and 5 infringe on Design 1, and that Design 7 infringes on Design 3.  Unfortunately, the FAC suffers from the same basic -- and fatal -- deficiencies as the Complaint in that Plaintiff asserts no fact establishing its standing as to Designs 2 and 3 or any viable claim against Mr. Yeung. [6]  Moreover, the exhibits to the FAC affirmatively establish the absence of any requisite similarity sufficient to show infringement of Designs 1 and 3.  *Cf.* Exh. 1 with Exhs. 4 & 5; and Exh. 3 with Exh. 7.  Thus, the entire Complaint should be dismissed without leave to amend.

---

[4] *See* 37 C.F.R. § 202.3(b)(4)(i)(a); *see also* 17 U.S.C. § 411(a) (plaintiff may not institute copyright action until "until registration of the copyright claim has been made **in accordance with this title**." [emphasis added]).

[5] *See* Martinez Decl., at Exh. A.

[6] *See* Martinez Decl., at Exh. B.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

## III.
## PLAINTIFF'S COPYRIGHT CLAIMS AGAINST MR. YEUNG
## FAIL AS A MATTER OF LAW

**A.    Plaintiff May Not Rely On Legal Conclusions And Must Allege Specific Facts Showing How Mr. Yeung Purportedly Infringed**

While the Court must assume that Plaintiff's allegations are true for purpose of a Rule 12(b)(6) motion, it has no obligation "to accept as true conclusory allegations ... or unreasonable inferences." *See Transphase Sys. v. Southern California Edison*, 839 F. Supp. 711, 718 (C.D. Cal. 1993) (rejecting plaintiff's conclusory allegations and granting defendant's motion to dismiss).  Indeed, a complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The *Twombly* Court rejected the notion that a complaint is only subject to dismissal if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Id.* at 555.  To the contrary:

> While a complaint ...does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" *requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. .... Factual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true* (even if doubtful in fact).

*Id.* at 555-556 (citations omitted) (emphasis added).

Where a complaint does not meet this standard, "*this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court*." *Id*. at 558 (emphasis added); *see also In re Elevator Antitrust Litig*., 502 F.3d 47, 50-51 (2d Cir. 2007) (affirming dismissal of complaint because it alleged a "list of theoretical possibilities [that] one could postulate without knowing any facts whatever," and explaining that district courts "'retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.").

60318877.1                               - 4 -                    DEFENDANTS' NOTICE OF MOTION
                                                                 AND MOTION TO DISMISS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    This rule is of significant importance in copyright infringement claims.  A

2    copyright plaintiff must "plead with specificity the acts by which a defendant has

3    committed copyright infringement."  *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d

4    225, 230 (E.D.N.Y. 2000) (dismissing a plaintiff's claim of contributory

5    infringement and denying leave to amend based on the failure to plead any facts

6    showing that any particular defendant knew of the infringing conduct and induced,

7    caused or materially contributed to it); *see also Kelly v. L.L. Cool J*, 145 F.R.D. 32,

8    36 (S.D.N.Y. 1992) (ruling against plaintiff because a "properly plead [sic]

9    copyright infringement claim must allege... by what acts during what time the

10   defendant infringed the copyright").  Thus, Plaintiff has an obligation to give each

11   defendant notice, "with some specificity," of his "particular infringing acts."  *Kelly*,

12   *supra*, 145 F.R.D. at 36 ("Broad, sweeping allegations of infringement do not

13   comply with Rule 8.").

14   Courts have applied this rule in universally rejecting conclusory allegations

15   of contributory and/or vicarious copyright infringement.  *See, e.g.*, *UMG*

16   *Recordings, Inc. v. Veoh Networks Inc.*, 2009 U.S. Dist. LEXIS 14955, No. CV 07-

17   5744 AHM (C.D.Cal. Feb. 2, 2009) ("*UMG 1*") (citing *Twombly* and dismissing

18   derivative copyright claims); *Netbula, LLC v. Chordiant Software, Inc.*, 2009 U.S.

19   Dist. LEXIS 25372, at ** 7-9 (N.D. Cal. March 20, 2009) (citing *Twombly* and

20   dismissing complaint for contributory and vicarious copyright infringement);

21   *Brought to Life Music, Inc. v. MCA Records, Inc.*, 2003 U.S. Dist. LEXIS 1967, *3

22   (S.D.N.Y. Feb. 14, 2003) ("A copyright infringement claim cannot survive a

23   motion to dismiss if it fails to allege "by what acts and during what time [the

24   defendant] infringed the copyright."); *Galiano v. Harrah's Operating Co.*, 2004

25   U.S. Dist. LEXIS 8265, **40-42 (E.D. La. May 10, 2004) (motion to dismiss

26   granted based on conclusory and insufficient allegations of contributory and

27   vicarious copyright infringement); *Carell v. Shubert Org.*, 104 F. Supp. 2d 236, 271

28   (S.D.N.Y. 2000) (granting motion to dismiss based on failure to allege any

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS

predicate facts establishing contributory infringement); *Goes Litho. Co. v. Banta Corp.*, 26 F. Supp. 2d 1042, 1045 (N.D. Ill. 1998) (dismissing vicarious infringement claim based on lack of factual allegations).[7]

**B.  Plaintiff Fails To Plead Any Facts Stating Any Claim For Contributory Copyright Infringement Against Mr. Yeung**

To state a claim for contributory copyright infringement, Plaintiff must allege facts showing that Mr. Yeung (1) had knowledge of the infringing activity; and (2) "induce[d], cause[d] or materially contribute[d] to the infringing conduct."  *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 388, 802 (9th Cir. 2007) (upholding district court's dismissal of contributory and vicarious infringement claims under Rule 12(b) based on the failure to assert any actionable facts).

Here, Plaintiff's entire allegations against Mr. Yeung consist of a mere parroting of the bare elements of causes of action for contributory and vicarious liability, to wit:

> [Mr. Yeung], as chief executive officer, had the right and ability to supervise the infringing activity, and as Chief Executive Officer had a direct financial interest in such activity.  Additionally, [Mr. Yeung] derived a financial benefit from such infringing activity, and, based upon information and belief, participated knowingly and significantly in the infringing activity.

*See* Complaint, at ¶ 12.

Thus, Plaintiff's contributory infringement claim consists of nothing more than impermissible legal conclusions.  Plaintiff's only factual allegation – that Mr. Yeung is Seventy Two's chief executive officer – has been repeatedly rejected by the Courts as insufficient to state any claim.  As this District Court recently reasoned:

---

[7] *See also CNN, L.P. v. GoSMS.com, Inc.,* 2000 U.S. Dist. LEXIS 16156, at *17-18 (S.D.N.Y. 2000) (conclusory allegations held insufficient to state a claim for contributory or vicarious infringement); *Cinema Concepts Theatre Service Co. v. Filmack Studios*, 1989 U.S. Dist. LEXIS 5640, ** 3-4 (N.D. Ill. May 15, 1989) (dismissing contributory and vicarious copyright infringement claims).

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

> Moreover, membership on a Board of Directors necessarily and inherently entails making almost all these "decisions." To allow for derivative copyright liability merely because of such membership could invite expansion of potential shareholder liability for corporate conduct, without meaningful limitation.

*UMG 1*, 2009 U.S. Dist. LEXIS 14955, at *10 (rejecting allegations against controlling investors and directors and dismissing complaint) [8]; *see also Netbula*, 2009 U.S. Dist. LEXIS 25372, at ** 7-9 ("The mere fact that a defendant is an officer and shareholder of an infringing corporation is 'too attenuated' to show a 'direct' financial interest in the exploitation of copyrighted materials."); *Softel Inc. v. Dragon Medical and Scientific Communications Inc*., 118 F.3d 955, 971 (2d Cir. 1997) (allegations that defendant was the president and a shareholder of a corporation held insufficient); *Carell*, *supra*, 104 F. Supp. 2d at 271 (same); *CNN, L.P.,* 2000 U.S. Dist. LEXIS 16156, at *17-18 (same).

Thus, the *Carell* Court dismissed a copyright infringement claim based on the allegation that the defendant was the chairman of a codefendant organization, was credited in the allegedly infringing work, was copied on a letter about possible legal action, and did not respond to the plaintiff's "personal appeals" before the litigation. *See Carell*, *supra*, 104 F. Supp. 2d at 271 (granting motion to dismiss). Allegations that the defendant was "a sole or part owner" of a defendant corporation, was "a producer and/or licensor" of the allegedly infringing productions, and had a sizeable investment in such infringement were held similarly insufficient. *Id.*

Likewise, the court in *CNN, L.P* dismissed copyright infringement claims against the manager and the director of a codefendant corporation. In so doing, the court rejected as insufficient the plaintiff's allegations "by virtue of [his/her] position and … [his/her] shareholdings, is one of the individuals that controls the

---

[8] *See also UMG Recordings, Inc. v. Veoh Networks Inc*., 2009 U.S. Dist. LEXIS 70553, No. CV 07-5744 AHM (C.D.Cal. May 5, 2009) ("*UMG 2*") (subsequently dismissing derivative copyright infringement claims without leave to amend).

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  affairs of [defendant corporation] and is personally involved in the infringing

2  conduct alleged herein." 2000 U.S. Dist. LEXIS 16156, at *17-18

3      The Eastern District of Louisiana reached a similar result in *Galiano v.*

4  *Harrah's Operating Co.* in also rejecting barebones copyright allegations:

5          [N]owhere in the pleadings does Gianna allege that
   [defendants] knew that the silkscreen artwork may have

6          been copyright protected when it was reproduced. Nor
   does Gianna's complaint allege how Harrah's directed or

7          participated in the infringing actions; how Harrah's had
   the right and ability to control All-Bilt's actions; or how

8          Harrah's had any direct financial participation in or
   received any direct financial benefit from any third

9          party's infringing acts.

10 *Galiano*, 2004 U.S. Dist. LEXIS 8265, at ** 40-42. [9]

11     Like the plaintiffs in *UMG 1*, *UMG-2*, *Netbula*, *Carell*, *Brought to Life*,

12 *CNN, L.P*, *Galiano*, *Marvullo* and *Kelly*, Plaintiff here fails to set forth any

13 cognizable factual allegations establishing that Mr. Yeung either had knowledge of

14 the infringing activity and/or "induce[d], cause[d] or materially contribute[d] to the

15 infringing conduct." *See Perfect 10*, *supra*, 494 F.3d at 802 (affirming dismissal of

16 contributory infringement claims). As in these cases, the recitation of a Mr.

17 Yeung's job title is insufficient to allege personal involvement sufficient to allow

18 the complaint to proceed against him. And just as in these cases, Plaintiff's

19 contributory infringement claim against Mr. Yeung must be dismissed.

20 **C.    Plaintiff Fails To Plead Any Facts Stating Any Claim For Vicarious
   Copyright Infringement Against Mr. Yeung**

21     Plaintiff's claim for vicarious infringement fares no better. To plead a

22 cognizable claim, Plaintiff must allege facts showing that Mr. Yeung: (1) possesses

23

24 [9] *See also Brought to Life*, 2003 U.S. Dist. LEXIS 1967, at *3-5 (dismissing

25 contributory infringement claim against an individual defendant because the
   plaintiff failed to allege any facts showing "that the defendant knew of, and

26 substantially participated in, the alleged direct infringement," and explaining that
   the "authorization or assistance must bear a direct relationship to the infringing acts,

27 and the contributory infringer must have acted in concert with the direct

28 infringer.").

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

    DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS

the right and ability to supervise the infringing conduct; and (2) has an obvious and direct financial interest in the infringing conduct. *See Perfect 10,* 494 F.3d at 802. Moreover, Plaintiff must plead facts showing a "substantial and continuing connection" between the infringing and vicarious defendants with respect to the infringing acts. *See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 886 F.2d 1545, 1553 (9th Cir. 1989).

As with the woefully defective contributory infringement claim, Plaintiff's entire factual predicate for its vicarious infringement claim against Mr. Yeung consists of the recitation of his job title. *See* Complaint, at ¶ 12 ("[Mr. Yeung], as chief executive officer, had the right and ability to supervise the infringing activity, [sic] had a direct financial interest in such activity."). Plaintiff sets forth zero allegations establishing "by what acts and during what time [the defendant] infringed the copyright." *Brought to Life Music,* 2003 U.S. Dist. LEXIS 1967, at *3. Plaintiff's allegations instead consist of impermissibly "[b]road, sweeping allegations of infringement [which] do not comply with Rule 8." *Kelly*, *supra*, 145 F.R.D. at 36 (brackets added).[10]

As discussed, mere status cannot suffice to fill in these blanks - otherwise, every chief executive officer would be subject to litigation in every instance in which copyright infringement were alleged. *See Softel,* 118 F.3d at 971 (status as president and shareholder held too attenuated to establish a sufficiently "direct" financial interest in the exploitation of copyrighted materials). No such liability exists under the copyright laws -- much more is required to impose upon corporate officers and directors the heavy burden of defending against copyright claims. *Id.*

As this District Court recently explained, the dismissal of conclusory

---

[10] *See also Goes Litho., supra,* 26 F. Supp. 2d at 1045 (granting motion to dismiss claim where complaint failed to allege facts about defendant's direct financial interest in infringement or ability to control it); *UMG 1*, 2009 U.S. Dist. LEXIS 14955, at *10 (same); *UMG 2,* 2009 U.S. Dist. LEXIS 70553, at *24 (same); *Galiano*, 2004 U.S. Dist. LEXIS 8265, at ** 40-42 (same).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

infringement claims is required by the well-settled social and economic policy

underlying the basic limited liability protections afforded to officers and directors:

> In the absence of clear precedent, this Court is not willing to expand the scope of copyright liability in a manner that presents a substantial risk of upending well-established concepts of corporate governance.  Although the judicially-fashioned principles of secondary copyright liability serve an important purpose, UMG's proposed extension of these principles would likely invite a wholesale weakening of the no less important principle that the corporate form is meant to protect shareholders, directors, and officers from ordinary liability.

*UMG 2,* 2009 U.S. Dist. LEXIS 70553 ** 28-29; *see also Hambleton Bros. Lumber*

*Co. v. Balkin Enters.*, 397 F.3d 1217, 1228 (9th Cir. 2005) ("The doctrine of limited

liability is a basic and fundamental rule of corporate law, and it has served society

well by encouraging corporate enterprise without risk of personal liability for the

corporation's debts.").[11]

## D.  Plaintiff Asserts No Allegations of Direct Copyright Infringement Against Mr. Yeung

An exhaustive review of the FAC reveals no factual allegations of direct

copyright infringement by Mr. Yeung.  There is simply no allegation whatsoever

that Mr. Yeung actually engaged in copying or selling Plaintiff's alleged designs.

Any such conclusory allegation would fail as a matter of law in any event.  *See*

*CNN, L.P.*, 2000 U.S. Dist. LEXIS 16156, at *17-18 (allegations that individual

defendant "is personally involved in the infringing conduct alleged herein" held

insufficient as a matter of law to state a claim for direct copyright infringement).

Any suggestion to the contrary should be rejected by the Court.

## E.  The Court Should Dismiss Plaintiff's Copyright Claims Against Mr. Yeung Without Leave To Amend

This is the second time in this action that plaintiff has asserted baseless

---

[11] *See also Anderson v. Abbott*, 321 U.S. 349, 362 (1944) ("Limited liability is the rule not the exception; and on that assumption large undertakings are rested, vast enterprises are launched, and huge sums of capital attracted.").

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

conclusory claims against Mr. Yeung.  *See* Martinez Decl., Exhs. A & B.

Notwithstanding a prior opportunity to amend the pleadings, Plaintiff continues to

assert frivolous claims with no apparent purpose but to harass.  As such, the Court

should dismiss all claims against Mr. Yeung without leave to amend.  *See UMG 2,*

2009 U.S. Dist. LEXIS 70553, at \*24 (dismissing derivative copyright claims

without leave to amend after plaintiff failed to cure original defective pleading).

### IV.
### PLAINTIFF'S COPYRIGHT CLAIMS ARISING FROM DESIGNS ONE AND THREE FAIL BECAUSE THE COPYRIGHTED AND ACCUSED DESIGNS ARE NOT VIRTUALLY IDENTICAL

**A.    Non-Infringement Is Ripe For Adjudication At The Pleading Stage**

It is well-settled in this Circuit that, where the copyrighted and accused

works are attached to the complaint, the absence of the requisite similarity – and

thus non-infringement – may be adjudicated at the pleading stage.  *See*

*Christianson*, 149 F.2d at 203. [12]  Here, too, Plaintiff has attached the subject works

as Exhibits to the FAC.  Because a review of these works plainly establishes the

lack of requisite similarity, dismissal is of Plaintiff's copyright claims is warranted.

---

[12] Many, many courts in this Circuit have followed *Christiansen* in dismissing copyright claims at the pleading stage based on the absence of the requisite similarity.  *See, e.g., Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1131 (C.D. Cal. 2007) (and cases cited; no substantial similarity between cooking shows); *Capcom Co. v. MKR Group, Inc.*, 2008 U.S. Dist. LEXIS 46312, \*2 (N.D. Cal. June 12, 2008) (and cased cited therein; no substantial similarity between "Dawn of the Dead" and "Dead Rising" despite numerous purported similarities); *Thomas v. Walt Disney Co.*, 2008 U.S. Dist. LEXIS 14643, \*5, fn.1 (N.D. Cal. Feb. 14, 2008) (and cases cited; no requisite similarity between "Finding Nemo" and "Squisher the Fish" notwithstanding various actual similarities); *Identity Arts v. Best Buy Enter. Serv., Inc.*, 2007 U.S. Dist. LEXIS 32060, \*15 (N.D. Cal. Apr. 18, 2007) (and cases cited; no requisite similarity of expression between *faux* movie trailers that shared various similarities); *Lake v. Columbia Broad. Svs., Inc.*, 140 F. Supp. 707, 708 (S.D. Cal. 1956) (same); *see also Nelson v. PRN Prods.*, 873 F.2d 1141, 1143-44 (8th Cir. 1989) (same).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**B.      Plaintiff Is Entitled Only To A Thin Copyright That Protects Only Against "Virtually Identical" Copying**

To maintain a claim for copyright infringement, Plaintiff must allege ownership of valid copyrights and copying of protected expression.  *See Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003).  The latter element is established by showing access and that the works in question share the requisite similarity "*in their protected elements*."  *Id.* [citations omitted] [emphasis added].  Copyright, of course, does not protect ideas or concepts, but only specific, protected expression.  *See* 17 U.S.C. § 102 (b). [13]  However, "[e]xpressions that are standard, stock, or common to a particular subject matter or medium are not protectable under copyright law."  *Satava*, 323 F.3d at 811, *citing See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).

Thus, where, as here the copyrighted design consists of standard or naturally occurring elements, the plaintiff is entitled to only to "a thin copyright that protects against only virtually identical copying."  *Satava*, 323 F.3d at 811, *citing Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003) ("When we apply the limiting doctrines, subtracting the unoriginal elements, Ets-Hokin is left with . . . a 'thin' copyright, which protects against only virtually identical copying."); *Apple Computer Corp. v. Microsoft Corp.*, 35 F.3d 1435, 1439 (9th Cir. 1994).

The Ninth Circuit's decision in *Satava* is dispositive.  The *Satava* plaintiff claimed copyright protection over the following "original" elements of glass-in-glass jellyfish sculptures:

> [V]ertically oriented, colorful, fanciful jellyfish with tendril-like tentacles and a rounded bell encased in an outer layer of rounded clear glass that is bulbous at the top and tapering toward the bottom to form roughly a

_____

[13] *See also Frybarger v. International Business Machines Corp.*, 812 F.2d 525, 529-530 (9th Cir. 1987) (upholding dismissal of copyright claim and concluding that "numerous similar features" between video games were not protected because they "constitute a basic idea of the videogames").

60318877.1                              - 12 -                    DEFENDANTS' NOTICE OF MOTION
                                                                 AND MOTION TO DISMISS

1
2

> bullet shape, with the jellyfish portion of the sculpture filling almost the entire volume of the outer, clear-glass shroud.

3

*Satava*, 323 F.3d at 807.

4

    The Ninth Circuit rejected this claim and explained that that "Satava may not

5

prevent others from copying aspects of his sculptures resulting from either jellyfish

6

physiology or from their depiction in the glass-in-glass medium." *Id.* at 810.  The

7

*Satava* Court reasoned that Congress did not intend to give artists monopolies over

8

elements in the public domain:

9
10
11
12
13

> Nature gives us ideas of animals in their natural surroundings: an eagle with talons extended to snatch a mouse; a grizzly bear clutching a salmon between its teeth; *a butterfly emerging from its cocoon*; a wolf howling at the full moon; a jellyfish swimming through tropical waters. These ideas, first expressed by nature, are the common heritage of humankind, and no artist may use copyright law to prevent others from depicting them.

*Id.* at 812 [emphasis added]; *see also Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901

14
15
16

(9th Cir. 1987) ("No copyright protection may be afforded to the idea of producing

stuffed dinosaur toys or to elements of expression that necessarily follow from such

dolls.").

17
18

    The *Satava* Court further explained that:

19
20
21

> Satava's glass-in-glass jellyfish sculptures, though beautiful, combine several unprotectable ideas and standard elements.  These elements are part of the public domain.  They are the common property of all, and Satava may not use copyright law to seize them for his exclusive use.

22
23
24
25
26

> It is true, of course, that a combination of unprotectable elements may qualify for copyright protection … Our case law suggests, and we hold today, that a combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship.

27
28

> The combination of unprotectable elements in Satava's sculpture falls short of this standard.  The selection of the clear glass, oblong shroud, bright colors, proportion, vertical orientation, and stereo-typed jellyfish form,

- 13 -

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

considered together, lacks the quantum of originality needed to merit copyright protection… **Trivial elements of compilation and arrangement, of course, are not copyrightable because the fall below the threshold of originality.**"

*Satava*, 323 F.3d at 811 (internal citations omitted); *see also George S. Chen Corp. v. Cadona Int'l, Inc.*, 2008 U.S. App. LEXIS 1147, 266 Fed. Appx. 523, 524 (9th Cir. Jan. 17, 2008) (no protection over wind chime designs consisting of dolphin, frog and moon/star figures). [14]

The Central District of California has addressed the "virtually identical copying" standard in the context of the alleged infringement of a fabric design.  *See Express v. Fetish Group, Inc.*, 424 F.Supp. 2d 1211, 1226-1227 (C.D.Cal. 2006). In *Express,* the Court held that "just as in the glass-in-glass jellyfish sculptures of *Satava*, lace along the hemline, upper back, bodice area, and moustache area; and a floral design off to one side of the bottom of the tunic appear to be standard elements of tunics. Not all of the standard elements are used on every tunic, *but they appear with enough frequency that it would be a disservice to creativity to allow [the defendant] to claim a monopoly in the use of them*."  *Id.* at 1226-1227 [emphasis added].  The Court concluded that the plaintiff was only entitled to "Thin copyright protection [which] guard only against virtually identical copying" and found infringement only because the accused designs were "virtually identical." *Id.* at 1227.

/ / /

/ / /

---

[14] *See also Dyer v. Napier*, 2006 U.S. Dist. LEXIS 68990, 2006 WL 2730747, ** 30-31 (D. Ariz. Sept. 25, 2006) ("Plaintiffs cannot prevent Defendants from copying any aspect of the mother mountain lion or kitten that naturally result from the physiology of mountain lions…  Nor have Plaintiffs shown that the attitude, gesture, muscle structure, facial expression, coat, and texture of the mother mountain lion and her kitten are original features contributed by Plaintiff Dyer, rather than expressions and features displayed by mountain lions in nature for all observers.").

- 14 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**C.    The Copyrighted And Accused Designs Are Neither Substantially Similar Nor Virtually Identical**

**1.    Design No. 1 – The Butterfly / Flower Design**

Plaintiff alleges, incorrectly, that the butterfly, flower and cocoon design depicted as Design 1 is virtually identical to accused Designs 4 and 5.  A comparison of these designs belies these allegations and reveals the absence of substantial similarity, as well as the requisite virtual identity.  For example, Designs 4 and 5 include two different types of butterflies, both markedly more sophisticated and distinctly different than the single butterfly found in Plaintiff's design.  The butterflies share nothing in common with Plaintiff's design beyond the basic, non-copyrightable anatomical features of all butterflies.  Indeed, the shape of wings, body, antennae and legs are different, as is the wing design.

The same holds true for the flowers in Designs 4 and 5, which are distinctly different than the flowers in Plaintiff's design, having different structure, different number and size of petals, different configuration and orientation, different stems and different sepals.  The cocoons featured in the designs are also different, including different internal designs and colors.

Further, each of the design elements bears different orientations and distance from each other.  The elements in Plaintiff's copyrighted design are bunched together and configured to give a "busy" appearance, often touching and almost overlapping each other.  Conversely, the elements in Seventy Two's design are spread out and much more serene.  Additionally, Plaintiff's design is in black and white, while Seventy Two's design bears different shades and colors.

While the copyrighted and accused designs share butterflies, flowers and cocoons, Plaintiff cannot claim for itself a monopoly over the basic idea of a design containing these three elements. [15]  Nor is Plaintiff entitled to a monopoly over

---

[15] *See, e.g., Satava*, 323 F.3d at 812; *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985) ("General plot ideas are not protected by copyright law; they remain forever the common property of artistic mankind."); *Atari, Inc. v. Amusement World, Inc.*, 547 F. Supp. 222, 229 (D. Md. 1981) (no substantial similarity

*scenes-a-faire* or elements that flow naturally from this idea, including expressive elements that result from the physiology of butterflies and flowers. Indeed, Plaintiff's improper claim to copyright protection over these standard elements runs afoul of both Congressional intent in enacting the Copyright Act and well-settled Ninth Circuit jurisprudence. *See Satava*, *supra*, 323 F.3d at 812. As the *Satava* Court emphasized:

> "[Congress has] denied artists the exclusive right to ideas and standard elements in their works, thereby preventing them from monopolizing what rightfully belongs to the public.
>
> * * *
>
> Congress did not intend for artists to fence off private preserves from within the public domain, and, if we recognized Satava's copyright, we would permit him to do exactly that.

*Id.*, at 807, 812. The same result is warranted here.

### 2.   Design No. 3 – The Flower / Paisley Design

The same reasoning requires dismissal of Plaintiff's claims relevant to Design No. 3. Allegations notwithstanding, a simple comparison demonstrates that Plaintiff's design is neither "substantially similar" nor "virtually identical" to the accused design. *Cf.* FAC, Exh. 3 with Exh. 7. While both designs share the idea of flowers, branches and leaves with swirled and paisley accents, the specific, protectable expression in each design is vastly different. It is textbook law that copyright protects specific expression, and not ideas, concepts or generic elements. *See*, *e.g.* 17 U.S.C. § 102 (b) ("In no case does copyright protection for an original

---

between video games Asteroids and Meteor: "Incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic are not protected by the copyright laws ... There are, as noted supra, a number of similarities in the design features of the two games. However, the Court finds that most of these similarities are inevitable, given the requirements of the idea of a game involving a spaceship combating space rocks … *It seems clear that defendants based their game on plaintiff's copyrighted game; to put it bluntly, defendants took plaintiff's idea. However, the copyright laws do not prohibit this.*" [emphasis added]).

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   work of authorship extend to any idea … regardless of the form in which it is …

2   illustrated, or embodied in such work."). [16]

3       Further, copyright law provides no cover for Plaintiff's standard depiction of

4   three rose buds in the lower left hand corner of its design.  *See* FAC, at Exh. 3.

5   Indeed, "[e]xpressions that are standard, stock, or common to a particular subject

6   matter or medium are not protectable under copyright law."  *Satava, supra,* 323

7   F.3d at 811.  Thus, Plaintiff "may not prevent others from copying aspects of [its

8   design] resulting from either [rose bud] physiology or from their depiction in [a two

9   dimensional] medium."  *Id.* at 810 (brackets added).[17]   Here, Plaintiff's design

10  entails the bare, shaded outline of three rose buds.  As with the jellyfish in *Satava*,

11  the dolphin, frog and moon/star figures in *George Chen*, the vodka bottle in *Ets-*

12  *Hokin*, the dinosaur dolls in *Aliotti,* and the mountain lion and cub in *Dyer*, Plaintiff

13  is entitled to no monopoly over a basic rose bud design.

14      Further, beyond the basic, uncopyrightable idea and stock elements of three

15  rose buds in a two dimensional design, the rose buds share nothing in common.

16  Putting aside that they entail a minute part of Plaintiff's overall design, the stems,

---

[16] *See also Williams v. Crichton*, 84 F.3d 581, 589 (2d Cir. 1996) (holding similarities of a "dinosaur zoo or adventure park, with electrified fences, automated tours, dinosaur nurseries, and uniformed workers . . . are classic scenes a faire that flow from the uncopyrightable concept of a dinosaur zoo."); *Frybarger*, 812 F.2d at 529-530 ("numerous similar features" between video games were not protected because they "constitute a basic idea of the videogames").

[17] *See also Apple Computer Corp. v. Microsoft Corp.*, 35 F.3d 1435, 1442, 1443 (9th Cir. 1994) (upholding ruling that graphic user interface systems embodied unprotected ideas: "As we recognized long ago in the case of competing jeweled bee pins, **similarities derived from the use of common ideas cannot be protected; otherwise, the first to come up with an idea will corner the market**." [emphasis added]); *Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738 (9th Cir. 1971) (finding merger of the idea and expression of a jeweled pin depicting a bee; similarity between the two pins was no greater "than is inevitable from the use of jewel-encrusted bee forms in both.").

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

sepals, leaves, relative size, bordering, and surrounding designs are far from similar, much less substantially similar, or as required, virtually identical.  *Cf.* FAC, Exh. 3 with Exh. 7.  As such, the Court should dismiss all claims relevant to Design No. 3.

**D.** **Dismissal of Plaintiff's Copyright Claims Is Consistent With The Fundamental Policies Underlying Copyright Law**

Dismissal of Plaintiff's copyright claims is consistent with the central policy underlying copyright law of promoting "the Progress of Science and useful Arts" by preventing overreaching Plaintiffs from improperly fencing off what rightfully belongs in the public domain.  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527, 528 (1994), *quoting* U.S. Constitution, Art. I, § 8, cl. 8; *see also Satava*, 323 F.3d at 807, 812 ("[Congress has] denied artists the exclusive right to ideas and standard elements in their works, thereby preventing them from monopolizing what rightfully belongs to the public … [W]e must be careful in copyright cases not to cheat the public domain." *Id.* at 812. [18]

The potential for abuse of the public domain is hardly theoretical, as Plaintiff has filed approximately 161 copyright infringement lawsuits in this District Court alone over the last five years, effectively imposing an "LA Printex tax" on the retail industry.  *See* RJN, at Exhs. A & B.  And this case in particular presents a blatant

---

[18] *See also Fogerty,* 510 U.S. at 527-528 ("The primary objective of copyright is not to reward the labor of authors, but 'to promote the Progress of Science and useful Arts.'  To this end, copyright assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work.  Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible." [internal citations omitted]); *Gonzales v. Transfer Techs., Inc.*, 301 F.3d 608, 609 (7th Cir. 2002) (Posner, R.) ("The Court in *Fogerty* reasoned that copyright defenses are as important as copyright claims [because] a successful defense enlarges the public domain, an important resource for creators of expressive works.").

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    and improper attempt to extend Copyright law well beyond Congressional intent.

2    Thus, the Court should reject Plaintiff's claim to Copyright protection over

3    unprotectable ideas and stock elements in the public domain, as well as its attempt

4    to extend derivative copyright liability well beyond Constitutional mandates.

5

6                                      **V.**
                        **PLAINTIFF ALLEGES NO FACTS**
7                  **ESTABLISHING COPYRIGHT STANDING**
                       **FOR DESIGNS TWO AND THREE**
8

9    **A.    Plaintiff Bears The Burden Of Asserting Facts Establishing That It**
            **Possesses Standing And That The Court Therefore Has Jurisdiction To**
10           **Hear Plaintiff's Copyright Claims**

11           A party invoking federal copyright jurisdiction must allege facts establishing

12   that it has met the requirements of both constitutional and prudential standing.  *See*

13   *Delorme v. United States*, 354, F.3d 810, 815 (8th cir. 2004), *citing Lujan v.*

14   *Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Standing is fundamental and,

15   without it, an action must be dismissed.  *Id.*  "The burden to show standing it not

16   merely a pleading requirement, but rather an indispensable part of the plaintiff's

17   case."  *Id.* (internal quotation marks omitted); *see also FW/PBS, Inc. v. City of*

18   *Dallas*, 493 U.S. 215, 231 (1990) ("[F]ederal courts are under an independent

19   obligation to examine their own jurisdiction, and standing is perhaps the most

20   important of the jurisdictional doctrines."); *Lierboe v. State Farm Mut. Auto. Ins.*

21   *Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) ("*Standing is the threshold issue in any*

22   *suit.*") [emphasis added]).

23           It is equally well-settled that, in order to proceed with a claim for copyright

24   infringement, Plaintiff must plead facts establishing that it has a valid copyright

25   registration.  *See* 17 U.S.C. § 411(a) ("No action for infringement of the copyright

26   … shall be instituted until registration of the copyright claim has been made **in**

27   **accordance with this title**." [emphasis added]); *Kodadek v. MTV Networks, Inc.*,

28   152 F.3d 1209, 1212 (9th Cir. 1988) (valid copyright registration "is a prerequisite

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

60318877.1                          - 19 -                DEFENDANTS' NOTICE OF MOTION
                                                          AND MOTION TO DISMISS

to a suit based on copyright.").  As established below, Plaintiff fails to meet this threshold requirement.

**B.    Plaintiff Pleads No Facts Showing That It Owns A Valid, Single-Work Copyright Registration**

Here, the Court must consider whether Plaintiff has alleged any facts showing a valid single-work copyright registration for Designs 2 and 3.  While the Copyright Act permits both "group" and "single-work" registrations, [19] group registrations apply to particular, enumerated types of works plainly not at issue here. [20]

Further, it is black-letter law that single-work copyright registration of a collection of designs is only proper where:  (1) all items in the collection *are published* as a single collective unit and; (2) the copyright registrant is the same for all designs in the collection.  *See* 37 C.F.R. § 202.3(b)(4)(i)(a), which provides in relevant part that:

> Registration as a single-work. (i) For the purpose of registration on a single application and upon payment of a single registration fee, the following shall be considered a single-work:
>
> (A) In the case of published works: all copyrightable elements that are otherwise recognizable as self-contained works, *that are included in a single unit of publication, and in which the copyright claimant is the same* [.]

*Id.* [emphasis added]; *see also Kay Berry*, 421 F.3d at 203-206 ("[S]ingle work registration requires, in the case of published works, that all of the self-contained works be 'included in a single unit of publication' and share the same copyright

---

[19] *See Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203-206 (3d Cir. 2005); and *cf.* 37 C.F.R. § 202.3(b)(4) (single-work) *with* 37 C.F.R. § 202.3(b)(5-10) (group).

[20] Exercising the authority delegated by 17 U.S.C. § 408(c)(1), the Register of Copyrights has promulgated rules allowing for group registration for "automated databases," "related serials," "daily newspapers," "contributions to periodicals," "daily newsletters," and "published photographs." 37 C.F.R. §§ 202.3(b)(5-10).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

claimant." [citations omitted]). [21]

Here, Designs 2 and 3 are part of a broader single-work registration of a collection of designs. *See* FAC, at Exhs 2 & 3. For example, Exhibit 2 references a "Geometric (Group 01)" as the "Title of this Work," which includes several items of the "Geometric" collection, including "G70103, G70104, G70105, G70106, G70108, G70111, G70113 and G70114." *Id.,* at Exh. 2, § 1. Yet the design upon which Plaintiff's claim is premised is G70114, just one of the eight items in the collection. *Id.*, at ¶ 19. Design 3 is similarly part of a single-work copyright registration consisting of 9 designs. [22]

Yet Plaintiff alleges zero facts showing that it meets the basic standard for copyright registration of a collective work. *See* 17 U.S.C. § 411(a) (plaintiff may not institute copyright action until "until registration of the copyright claim has been made *in accordance with this title*." [emphasis added]). Instead, Plaintiff merely alleges that "Plaintiff applied for and received copyright registration for the Subject Designs." *See* FAC, at ¶ 18. This is patently insufficient to establish standing to sue for copyright infringement. *Id.; see also Kelly v. L.L. Cool J*, 145 F.R.D. at 36 (plaintiff must allege facts showing "that the copyrights have been registered in accordance with the statute.").

Notably, the failure to allege predicate facts establishing standing is not accidental, as Defendants raised this precise issue in response to Plaintiff's original

---

[21] *See also* U.S. Copyright Office, Compendium II: Compendium of Copyright Office Practices § 607.01 at 600-11 (1984) ("Works that are otherwise recognizable as self-contained may be registered on a single application and upon payment of a single fee, if they are first published in a single unit of publication and the copyright claimant of all works in the unit is the same."), found at http://www.copyrightcompendium.com/#607.01.

[22] *Id.,* at Exh. 3 (identifying the "Title of this Work" as "LAP 06-E1," including E50215, E50216, E50219, E50220, E50221, E50222, E50223, E50224 and E50225."); *cf.* FAC, at ¶ 20 (asserting a claim for infringement as to E50219 only).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

complaint.  *See* Martinez Decl., at Exh. A.  Plaintiff could have easily cured this defect, but failed to do so.  Because "standing is the threshold issue in any suit," [23] the Court should dismiss Plaintiff's claims relevant to Designs 2 and 3, and should do so without leave to amend.  *See UMG 2,* 2009 U.S. Dist. LEXIS 70553, at *24; *see generally FW/PBS, Inc.*, 493 U.S. at 231.

# VI.
## CONCLUSION

For the foregoing reasons, the Court should grant the instant Motion in all respects.

Respectfully submitted,

DATED:  October 26, 2009      **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:    /S/ David Martinez
             David Martinez
Attorneys for Defendants T.J. MAXX OF CA, LLC, MARSHALLS OF MA, INC., MARSHALLS OF CA, LLC, MAURICES INCORPORATED, SEVENTY TWO, INC. and CHIU FAI YEUNG

DATED:  October 26, 2009      **CONNOLLY BOVE LODGE & HUTZ LLP**

By:    /S/ Scott  R. Miller
             Scott R. Miller
Attorneys for Defendant MAURICES INCORPORATED

---

[23] *See Lierboe,* 350 F.3d at 1022.  Pleading requirements aside, because standing is a fundamental prerequisite to the Court's jurisdiction, the Court can and should decide the standing issue *sua sponte*.  *See FW/PBS, Inc.*, 493 U.S. at 231.

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES