| | |
|---|---|
| 1 | Yakub Hazzard, Bar No. 150242 (YHazzard@rkmc.com) |
|   | David Martinez, Bar No. 193183 (DMartinez@rkmc.com) |
| 2 | ROBINS, KAPLAN, MILLER & CIRESI L.L.P. |
|   | 2049 Century Park East, Suite 3400 |
| 3 | Los Angeles, CA 90067-3208 |
|   | Telephone: 310-552-0130 |
| 4 | Facsimile: 310-229-5800 |
| 5 | Attorneys for Defendants |
|   | T.J. MAXX OF CA, LLC, MARSHALLS OF MA, INC., |
| 6 | MARSHALLS OF CA, LLC, MAURICES INC., |
|   | SEVENTY TWO, INC. and CHIU FAI YEUNG |
| 7 | |
|   | Scott R. Miller, Bar No. 112656 (SMiller@cblh.com) |
| 8 | CONNOLLY BOVE LODGE & HUTZ LLP |
|   | 333 South Grand Avenue, Suite 2300 |
| 9 | Los Angeles, CA 90071 |
|   | Telephone: 213-787-2510 |
| 10 | Facsimile: 213-687-0498 |
| 11 | Attorneys for Defendant |
|   | MAURICES INCORPORATED |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA PRINTEX INDUSTRIES, INC., | **Case No. CV 09-5868 PA (FFMx)** |
| Plaintiff, | [Assigned to the Honorable Percy Anderson] |
| v. | **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |
| T.J. MAXX OF CA, LLC; MARSHALLS OF MA, INC., MARSHALLS OF CA LLC; MAURICES INCORPORATED; SEVENTY TWO, INC.; CHIU FAI YEUNG and DOES 1 through 10, inclusive, | Date: November 16, 2009<br>Time: 1:30 p.m.<br>Place: Courtroom 15 |
| Defendants. | [Supp. Declaration of David Martinez and Reply to Objections to Request for Jud. Notice filed concurrently herewith] |

Defendants ("Defendants") respectfully submit their Reply in support of their Motion to Dismiss Plaintiff, L.A Printex Industries, Inc.'s ("Plaintiff") First Amended Complaint ("FAC"), as follows:

60321972.1

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. PLAINTIFF'S DERIVATIVE COPYRIGHT CLAIMS AGAINST MR. YEUNG FAIL AS A MATTER OF LAW ........................................2

    A. Plaintiff's "Formulaic Recitation Of the Elements Of a Cause of Action" For Derivative Liability Fails To State A Claim For Relief ....................................................................................................2

    B. Plaintiff's Authority Demonstrates Why Its Derivative Claims Fail As A Matter of Law ......................................................................6

    C. Dismissal of Claims Against Mr. Yeung Is Consistent With Sound Public Policy ..........................................................................6

III. PLAINTIFF CANNOT ESTABLISH SUBSTANTIAL SIMILARITY UNDER THE EXTRINSIC TEST ....................................7

    A. Non-Infringement Is Ripe For Adjudication At The Pleading Stage Irrespective Of Plaintiff's Allegations of Access ......................7

    B. Plaintiff Cannot Establish Substantial Similarity As To Design No. 3 ..............................................................................................8

        1. Plaintiff's Brief Relies On A Design Different From The Copyrighted Design Identified In The FAC And The Registration Certificate ..............................................................8

        2. Design No. 3 Is Not Substantially Similar To Design No.7 ......9

    C. Design No. 1 Is Not Substantially Similar To Design Nos. 4 or 5 .......9

IV. NEITHER THE COMPLAINT NOR PLAINTIFF'S COPYRIGHT REGISTRATION ESTABLISH PLAINTIFF'S STANDING TO SUE ..................................................................................10

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

Page

**Cases**

*Aliotti v. R. Dakin & Co.*,
831 F.2d 898 (9th Cir. 1987) ......................................................................... 8

*Atari, Inc. v. Amusement World, Inc.*,
547 F. Supp. 222 (D. Md. 1981) .................................................................. 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................ 1, 2, 3, 5, 6

*Brought to Life Music, Inc. v. MCA Records, Inc.*,
2003 U.S. Dist. LEXIS 1967 (S.D.N.Y. Feb. 14, 2003) ............................... 3, 4

*C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd.*,
626 F. Supp. 2d 837 (N.D.Ill. 2009) .............................................................. 6

*Cable News Network, L.P. v. GoSMS.com, Inc.*,
2000 WL 1678039 (S.D.N.Y. Nov. 6, 2000) .................................................. 5

*Calloway v. The Marvel Entertainment Group*,
1983 WL 1141 (S.D.N.Y. 1983) ................................................................... 11

*Carell v. Shubert Org.*,
104 F. Supp. 2d 236 (S.D.N.Y. 2000) ......................................................... 3, 4

*Christianson v. West Pub. Co.*,
149 F.2d 202 (9th Cir. 1945) ......................................................................... 7

*CNN, L.P. v. GoSMS.com, Inc.*,
2000 U.S. Dist. LEXIS 16156 (S.D.N.Y. 2000) ........................................... 3, 5

*Cory Van Rijn, Inc. v. California Raisin Advisory Bd.*,
697 F.Supp. 1136 (E.D. Cal. 1987) ............................................................... 8

*Delorme v. United States*,
354 F.3d 810 (8th Cir. 2004) ....................................................................... 10

*DEV Industries, Inc. v. Rockwell Graphic Systems, Inc.*,
1992 WL 100908 (N.D.Ill. May 4, 1992) ...................................................... 5

*Do It Best Corp. v. Passport Software, Inc.*,
2004 WL 1660814 (N.D.Ill. Jul. 23, 2004) ................................................... 6

*Feist Publications, Inc v. Rural Telephone Service Co.*,
499 U.S. 340 (1991) ..................................................................................... 10

*Funky Films, Inc. v. Time Warner Entertainment Co.*,
462 F.3d 1072 (9th Cir. 2006) ....................................................................... 8

*FW/PBS, Inc. v. City of Dallas*,
493 U.S. 215 (1990) ..................................................................................... 12

*Goes Litho. Co. v. Banta Corp.*,
26 F. Supp. 2d 1042 (N.D. Ill. 1998) ............................................................. 4

*Kelly v. L.L. Cool J*,
145 F.R.D. 32 (S.D.N.Y. 1992) ................................................................. 3, 11

# TABLE OF AUTHORITIES

**Page**

*Kodadek v. MTV Networks, Inc.*,
 152 F.3d 1209 (9th Cir. 1998) ................................................................................ 9

*Latin Am. Mech. Rights Collection Agency, Inc. v. Marti Advertising, Inc.*, 2002
 U.S. Dist. LEXIS 15610, *modified and adopted,* 204 F. Supp. 2d 270 (D.P.R.
 2002) ..................................................................................................................... 11

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
 350 F.3d 1018 (9th Cir. 2003) .............................................................................. 12

*Marvullo v. Gruner & Jahr*,
 105 F. Supp. 2d 225 (E.D.N.Y. 2000) ............................................................... 3, 4

*Mid America Title Co. v. Krik*,
 991 F.2d 417 (7th Cir. 1993) .................................................................................. 6

*Motta v. Samuel Weiser, Inc.*,
 768 F.2d 481 (1st Cir.1985) ................................................................................. 11

*Netbula, LLC v. Chordiant Software, Inc.*,
 2009 U.S. Dist. LEXIS 25372 (N.D. Cal. March 20, 2009) ......................... 3, 5, 6

*Oravec v. Sunny Isles Luxury Ventures, L.C.*,
 527 F.3d 1218 (11th Cir. 2008) ........................................................................... 11

*Rutter v. Picerne Dev. Corp.*,
 2007 U.S. Dist. LEXIS 90690 (S.D.Tex. Dec. 10, 2007) ..................................... 5

*Stewart v. Wachowski*,
 2004 U.S. Dist. LEXIS 26608 (C.D.Cal. Sept. 28, 2004) ..................................... 6

*UMG Recordings, Inc. v. Veoh Networks Inc.*,
 2009 U.S. Dist. LEXIS 14955 (C.D.Cal. Feb. 2, 2009) ........................................ 3

*UMG Recordings, Inc. v. Veoh Networks Inc.*,
 2009 U.S. Dist. LEXIS 70553 (C.D.Cal. May 5, 2009) ................................... 3, 7

*Walker v. Woodford*,
 2007 U.S. Dist. LEXIS 60905 (S.D.Cal. Aug. 20, 2007) ..................................... 5

*Zella v. E.W. Scripps Co.*,
 529 F. Supp. 2d 1124 (C.D. Cal. 2007) .......................................................... 8, 10

**Statutes**

17 U.S.C.
 § 204(a) ................................................................................................................. 11

17 U.S.C.
 § 410(c) ................................................................................................................. 12

17 U.S.C.
 § 501 ...................................................................................................................... 11

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

# I.
## INTRODUCTION

Rhetoric notwithstanding, Plaintiff's Opposition misstates dispositive principles of copyright law, ignores or fails to distinguish controlling precedent, and claims infringement of a design found nowhere in the FAC or its exhibits and for which it has no standing to sue.

<u>Initially</u>, Plaintiff ignores the Supreme Court's decision in *Twombly* and incorrectly sweeps aside numerous decisions dismissing the precise conclusory claims for contributory and vicarious copyright infringement alleged against Defendant Chi Fai Yeung ("Mr. Yeung") in this action. Plaintiff incorrectly argues that those decisions were predicated on the failure to parrot the bare bones elements of a cause of action rather than the failure to allege supporting facts. This argument is neither credible nor supported by the cases upon which this motion relies. Indeed, *Twombly* and cases following it have decidedly rejected Plaintiff's *"formulaic recitation of the elements of a cause of action"* in the FAC. Despite two opportunities to plead any cognizable claim against Mr. Yeung, the sum total of Plaintiff's allegations is the bare recitation of his title as the CEO of Defendant Seventy Two. FAC, at ¶ 12. Thus, dismissal is warranted without leave to amend.[1]

<u>Second</u>, Plaintiff does not and cannot dispute that its registration of Designs 2 and 3 are contained in a single-work registration for a collection of designs, and that standing to sue on such registration only exists where, *inter alia*, all items in the collection <u>*are published*</u> as a single collective unit. There is no such allegation in the FAC, and this information is not disclosed in the registration certificate itself. If such allegation could truthfully be made, Plaintiff could have easily asserted it, as Defendants raised this issue twice in meet and confer efforts. Without such

---

[1] Indeed, Plaintiff's massive litigation record illustrates the ramifications of allowing it to proceed with derivative claims without pleading any predicate facts. Without any meaningful restraint, Plaintiff will undoubtedly have a *carte blanche* to assert derivative liability claims "in a manner that presents a substantial risk of upending well-established concepts of corporate governance" for the sole purpose of maximizing settlement leverage. *See*, *infra*, pg. 7.

1  threshold allegations, Plaintiff lacks standing to sue, and this Court lacks
2  jurisdiction over these designs.

3        Third, Plaintiff ignores *Christiansen* and a myriad of cases in concocting the
4  argument that substantial similarity is purportedly presumed at the pleading stage,
5  thus supposedly shifting the burden to Defendants to establish original creation and
6  raising "factual issues that cannot be resolved on a motion to dismiss."  Opp., at pg.
7  18:11-19.  No case remotely supports this proposition.  Irrespective of any
8  allegations of access, and as was the case in *Christiansen* and it progeny, the Court
9  may find the absence substantial similarity under the extrinsic test based on
10 examination of the works attached to the complaint.

11       Fourth, Plaintiff has apparently abandoned its claim for copyright
12 infringement of Design No. 3, and instead claims infringement of a different design
13 not at issue in this action.  In sum, the Court should reject Plaintiff's attempt to play
14 fast and loose and should dismiss the FAC without leave to amend.

**II.**
**PLAINTIFF'S DERIVATIVE COPYRIGHT CLAIMS**
**AGAINST MR. YEUNG FAIL AS A MATTER OF LAW**

**A.  Plaintiff's "Formulaic Recitation Of the Elements Of a Cause of Action" For Derivative Liability Fails To State A Claim For Relief**

It is undisputed that a complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  It is also undisputed that the <u>*sole factual allegation*</u> against Mr. Yeung is that he is the CEO Defendant Seventy Two.  FAC, at ¶ 12.  According to the Supreme Court, this is patently insufficient to allege any viable claim for relief:

> While a complaint ...does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" **requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.**  *Id. at* 555 [emphasis added].

Plaintiff ignores *Twombly* and fails to distinguish numerous decisions

dismissing the precise "formulaic recitations" of claims for contributory and vicarious copyright infringement presented here. According to Plaintiff, *UMG -1*, *UMG-2*, *Netbula*, *Carell*, *Brought to Life*, *CNN*, *Marvullo* and *Kelly* (*see* Mot., at pgs. 5-10) are distinguishable because "the defect [in those cases] was the failure to plead an essential element of liability, not the sufficiency of the facts alleged." *See* Opp., at pg. 8.

This argument is belied by *Twombly* and these cases, which unanimously hold that much more than bare recitation of elements is required to survive a motion to dismiss. Thus, Judge Matz recently relied on *Twombly* in dismissing similarly conclusory copyright allegations without leave to amend, [2] rejecting the argument that <u>factual</u> allegations of board membership and related decision-making were sufficient to state the "material assistance" element for contributory infringement:

> Moreover, membership on a Board of Directors necessarily and inherently entails making almost all these "decisions." To allow for derivative copyright liability merely because of such membership could invite expansion of potential shareholder liability for corporate conduct, without meaningful limitation.

*UMG 1*, at * 10. The court further concluded that <u>factual</u> allegations that the alleged infringement "continue[d] to attract users and advertising dollars to Veoh, and increase[d] the value of [the Investors Defendants'] financial interests in Veoh," was insufficient to alleged the "direct financial interest" prong of a claim for vicarious infringement. *Id.*, at *17. In *UMG II* the court again dismissed allegations of contributory and vicarious copyright infringement much more detailed than the naked allegations at issue here. *Id.*, at ** 5-27.

Similarly, the *Marvullo* Court explained that the Plaintiff "**fails to allege any facts** from which a trier of fact could conclude that Stern induced, caused or materially contributed to [the infringing conduct]." *Marvullo v. Gruner & Jahr*,

---

[2] *UMG Recordings, Inc. v. Veoh Networks Inc.*, 2009 U.S. Dist. LEXIS 14955 (C.D.Cal. Feb. 2, 2009) ("*UMG 1*") (rejecting allegations against controlling investors and directors and dismissing complaint); *see also UMG Recordings, Inc. v. Veoh Networks Inc.*, 2009 U.S. Dist. LEXIS 70553 (C.D.Cal. May 5, 2009) ("*UMG 2*") (subsequently dismissing claims without leave to amend).

105 F. Supp. 2d 225, 230 (E.D.N.Y. 2000) [emphasis added]. Further,

> Rule 8(a)(2) has been construed to require a plaintiff to plead with specificity the acts by which a defendant has committed copyright infringement. A "properly plead [sic] copyright infringement claim must allege . . . by what acts during what time the defendant infringed the copyright." [citations] It must set out the "particular infringing acts . . . with some specificity. Broad, sweeping allegations of infringement do not comply with Rule 8. *Id.* [citations omitted].

Similarly, the court in *Brought to Life Music, Inc. v. MCA Records, Inc.*, 2003 U.S. Dist. LEXIS 1967, **5-7 (S.D.N.Y. Feb. 14, 2003) rejected allegations that "(i) [a defendant] gave [another defendant] a copy of [plaintiff's song], and that (ii) its copyright was infringed with knowledge" and that "[the defendant's] infringement is well documented in his association with co-defendant" as insufficient to state the elements of knowledge and substantial participation in a claim for contributory infringement. *Id*.

In *Carell v. Shubert Org*., 104 F. Supp. 2d 236, 271 (S.D.N.Y. 2000), the Court similarly rejected the following allegations as insufficient:

> Schoenfeld is "Chairman of Defendant The Shubert Organization," was "credited" on the allegedly infringing video, was "copied" on a letter "threatening" plaintiff with legal action for preparing a coloring book based on the Makeup Designs, and did not respond to her "personal appeals." [citations] Mackintosh is alleged to be "a sole or part owner" of defendant Cameron Mackintosh, Inc. and "a producer and/or licensor of infringing Cats productions." Geffen is simply alleged to be a "producer" of Cats with a sizable investment in the musical. *Id.*[3]

In *Goes Litho. Co. v. Banta Corp*., 26 F. Supp. 2d 1042, 1045 (N.D. Ill. 1998), the Court held that parent-subsidiary allegation (like the recitation of Mr. Yeung's title) was insufficient to establish the right and ability to supervise and a direct financial interest. Rather, "*Plaintiff must allege facts* which show a continuing connection between the parent and the subsidiary to the infringing

---

[3] Conversely, the court held that allegations that the defendant was "the sole or majority owner," authorized or licensed "many of the infringing uses," derived his "personal fortune" from the infringement, "is responsible for misattributions of the [subject designs], and participated in the infringement by personally and "willfully depriving [plaintiff] of her authorship credit" were sufficient. *Id.* No such allegations are remotely present here.

activities to make out a case for vicarious liability." *Id.* [emphasis added]. In *CNN, L.P. v. GoSMS.com, Inc.,* 2000 U.S. Dist. LEXIS 16156, at *17-18 (S.D.N.Y. 2000), which Plaintiff ignores, the plaintiff alleged

> [T]hat Sagi was the manager of GoSMS.com, and that Spinks was the Director and that "by virtue of [his/her] position and, upon information and belief [his/her] shareholdings, [he/she] is one of the individuals that controls the affairs of GoSMS.com and is personally involved in the infringing conduct alleged herein." [citations]

*Id.* The court concluded that factual allegations of status as manager, director and ownership were insufficient to state cognizable claims for relief. *Id.* [4]

Finally, Plaintiff attacks *Netbula, LLC v. Chordiant Software, Inc.*, 2009 U.S. Dist. LEXIS 25372, at ** 7-9 (N.D. Cal. March 20, 2009) as "highly questionable because it fails to consider controlling Supreme Court precedent." Opp., at pg. 9:26-27. To the contrary, *Netbula* expressly relied on *Twombly* in dismissing conclusory derivative infringement claims. *Netbula*, *supra*, at ** 7-9. The *Zwierkiewicz* and *Leatherman* decisions that Plaintiff claims *Netbula* ignores of course predate *Twombly* and have been criticized as such:

> [T]he long-standing principle, recently restated in *Swierkiewicz* … that "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts …" no longer applies. In ... *Twombly* … the Court held "a formulaic recitation of the elements of a cause of action will not do." [5]

---

[4] Plaintiff ignores other cased cited in Defendants' brief. *See* Mot., at pgs. 6-7, *citing Cinema Concepts* and *Softel*. *See also Cable News Network, L.P. v. GoSMS.com, Inc.*, 2000 WL 1678039, at *6 (S.D.N.Y. Nov. 6, 2000) (allegations that defendants director and shareholder controlled the defendant's affairs and were personally involved in the infringing conduct held conclusory and insufficient); *In DEV Industries, Inc. v. Rockwell Graphic Systems, Inc.*, 1992 WL 100908, at *1, *3 (N.D.Ill. May 4, 1992) (allegations that corporate officers engaged in a "complex and integrated scheme to eliminate [plaintiff] as a competitor and to drive it out of business," that they were "the moving, conscious, and dominant force" behind unfair trade practices, and that they knew about and/or encouraged the alleged infringement insufficient).

[5] *Rutter v. Picerne Dev. Corp.*, 2007 U.S. Dist. LEXIS 90690, at * 4 (S.D.Tex. Dec. 10, 2007); *see also Walker v. Woodford*, 2007 U.S. Dist. LEXIS 60905, * 6 (S.D.Cal. Aug. 20, 2007) (*Swierkiewicz* and prior Supreme Court cases were "abrogated" by *Twombly*); *See also Twombly*, *supra*, 550 U.S. at 562 ("We could go on, but there is no need to pile up further citations to show that Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough.").

Contrary to Plaintiff's suggestion, neither *Netbula* (nor *Twombly*) require heightened pleading for derivative claims. They instead require factual allegations beyond conclusory statements of job titles and the "a formulaic recitation of the elements of a cause of action" alleged in the FAC. *Twombly*, 550 U.S. at 555.

**B.  Plaintiff's Authority Demonstrates Why Its Derivative Claims Fail As A Matter of Law**

The balance of Plaintiff's authority is similarly irrelevant or actually supports dismissal of Plaintiff's claims. In *Stewart v. Wachowski*, 2004 U.S. Dist. LEXIS 26608 (C.D.Cal. Sept. 28, 2004) the Court *dismissed* the plaintiff's claims, stating that "Stewart's copyright infringement allegations "sound in fraud … and are subject to Rule 9(b)." *Id.* at fn. 32. In *Mid-America*, the Seventh Circuit held that Rule 9 did not apply to claims for direct copyright infringement. *Mid America Title Co. v. Krik*, 991 F.2d 417, 421 (7th Cir. 1993). It did not hold, as Plaintiff suggests, that mere recitation of legal conclusions is sufficient to state a claim. Any such theory has been abrogated by *Twombly*. Further, Plaintiff misstates the holding in *Do It Best Corp. v. Passport Software, Inc.*, 2004 WL 1660814 (N.D.Ill. Jul. 23, 2004) by selectively quoting from it. There, the Court found that extensive <u>factual allegations</u> of specific acts of aiding and abetting – allegation not remotely present here – were sufficient to state a cause of action. *Id.* at * 16.

Finally, the "number of decisions" summarized in *C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd.*, 626 F. Supp. 2d 837, 860 (N.D.Ill. 2009) illustrate precisely why Plaintiff's allegations here fail, as each case entailed factual allegations of personal participation and/or an active role in the infringing conduct, including the sale, promotion and importation of the accused designs. Opp., at pg. 10:27-11:13. Plaintiff does not and cannot assert any such factual allegations here.

**C.  Dismissal of Claims Against Mr. Yeung Is Consistent With Sound Public Policy**

Plaintiff ignores the fundamental public policy requiring dismissal of its woefully defective claims against Mr. Yeung. *See* Mot., at pgs. 9:24-10:12. Thus:

> In the absence of clear precedent, this Court is not willing to expand the scope of copyright liability in a manner that presents a substantial risk of upending well-established concepts of corporate governance. Although the judicially-fashioned principles of secondary copyright liability serve an important purpose, UMG's proposed extension of these principles would likely invite a wholesale weakening of the no less important principle that the corporate form is meant to protect shareholders, directors, and officers from ordinary liability."

*UMG 2,* at \*\* 28-29.  Dismissal serves yet another critical public policy.  Indeed, a "*basic* [pleading] *deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court*" and "lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.*, at 558 [emphasis added] [citations and quotations omitted].

### III.
### PLAINTIFF CANNOT ESTABLISH SUBSTANTIAL SIMILARITY UNDER THE EXTRINSIC TEST

**A.  Non-Infringement Is Ripe For Adjudication At The Pleading Stage Irrespective Of Plaintiff's Allegations of Access**

Plaintiff ignores the Ninth Circuit's controlling decision in *Christianson v. West Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945) and its significant progeny holding that substantial similarity is ripe for adjudication at the pleading stage. *See* Mot., at pgs. 11:11-28 (citing cases).  Instead, Plaintiff concocts the argument that:

> "[F]or purposes of this motion, Defendants [sic] works must be presumed to be unoriginal themselves and the result of unauthorized copying.  As such, the burden shifts to Defendants to show original creation, Three Boys Music, 212 F.3d at 496.  Against this is a factual issue that cannot be resolved on a motion to dismiss."  Opp., at pg. 18:11-19.

This purported pleading standard, made out of whole cloth, finds no support in *Three Boys Music* or any other case.  Substantial similarity of course is not presumed.  Allegations notwithstanding, the Court may find no substantial similarity under the extrinsic test based on examination of the works attached to the complaint.  Nor do Plaintiff's allegations of access raise any factual issues precluding dismissal at the pleading stage. *Zella v. E.W. Scripps Co.*, 529 F. Supp.

2d 1124, 1131 (C.D. Cal. 2007) ("Even if a defendant concedes use of a plaintiff's work, the copyright claim still fails absent substantial similarity."). Indeed, in numerous cases dismissing copyright claims at the pleading stage, access was presumed, but this did not preclude dismissal.[6]

Thus, the Ninth Circuit in *Aliotti* criticized Plaintiff's access argument as "confus[ing] and even conceal[ing]" the requirement of substantial similarity. *Id.* (finding no substantial similarity between dinosaur dolls even though defendant had access and dolls were identical in number and species: "[O]ur finding that there exists no substantial similarity … makes appellants' [inverse ratio] argument inapplicable." [citations omitted]); *see also Funky Films, Inc. v. Time Warner Entertainment Co.*, 462 F.3d 1072, 1088 (9th Cir. 2006) (access irrelevant in the absence of substantial similarity).

**B.    Plaintiff Cannot Establish Substantial Similarity As To Design No. 3**

**1.    Plaintiff's Brief Relies On A Design Different From The Copyrighted Design Identified In The FAC And The Registration Certificate**

To avoid dismissal of Design No. 3, Plaintiff ignores the design attached to its registration certificate and instead claims infringement of a different design found nowhere in the pleadings and for which Plaintiff lacks standing to sue.[7] More specifically, the copyrighted design attached as Exhibit 3 is only a small portion (roughly 1/5) of the larger design depicted in Plaintiff's brief. *Id.* Moreover, even that small portion of the depicted design is different than the copyrighted design, as there are elements in the copyrighted design found nowhere in the depicted design. *See* Supp. Martinez Decl., at Exhs. C-E. Further, Plaintiff

---

[6] *See* Mot., at pgs. 11:11-28, *citing Zella*, *Capcom*, *Thomas*, *Identity Arts*, *Lake*, and *Nelson*; *see also Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901-902 (9th Cir. 1987) (access presumed); *Cory Van Rijn, Inc. v. California Raisin Advisory Bd.*, 697 F.Supp. 1136, 1145 (E.D. Cal. 1987) (same).

[7] *See* FAC, Exh. 3, ¶ 20 (judicially admitting that "A true and correct copy of Plaintiff's original E-50219 design and copyright registration certificate is attached hereto as Exhibit 3"); *cf.* Opp., at pg. 22 (depicting different design); *see also* Supp. Martinez Decl., at Exh. E (comparing copyrighted design and design displayed in Plaintiff's brief).

1  has shrunk the copyrighted design by a measure of at least 10 and changed its color
2  in an apparent attempt to blur its details. *Id.*; *cf. id.* with FAC, Exh. 3, ¶ 20 with
3  Opp., at pg. 22. Without any supporting copyright registration, and given its
4  judicial admission regarding the scope of the purported copyright shown as Exhibit
5  3, Plaintiff lacks standing to claim infringement of the design depicted in its brief.
6  *See Kodadek v. MTV Networks, Inc.,* 152 F.3d 1209, 1211 (9th Cir. 1998).

### 2. Design No. 3 Is Not Substantially Similar To Design No.7

8  A comparison of the accused and copyrighted designs <u>attached to the FAC</u>
9  reveal the absence of substantial similarity. *Cf.* FAC, Exh. 3 with Exh. 7. As these
10  exhibits show, and as analyzed in detail in Defendants' brief, the only arguable
11  similarities between these designs is the unprotectable <u>idea</u> and *scènes-à-faire* of
12  flowers, branches and leaves with swirled and paisley accents. The specific,
13  protectable <u>expression</u> in each design is not substantially similar. *See* Mot., at pgs.
14  15:1-18:4 (citing authority). Plaintiff does not dispute any of this analysis relevant
15  to Design No. 3. The sum total of its retort is the misstatement that "A similar
16  comparison of the elements of E50219 is below," followed by its depiction of a
17  design not at issue in this case. Opp., at pg. 22:8-26. In short, allowing Plaintiff to
18  proceed in these circumstances would effectively confer upon it a monopoly over
19  swirled paisley designs. The Copyright laws support no such a preclusive swath.

### C. Design No. 1 Is Not Substantially Similar To Design Nos. 4 or 5

21  Plaintiff correctly points out that the Design No. 1 shares some similarities
22  with Design Nos. 4 and 5. But it is also true that the designs have significant
23  dissimilarities. *See* Mot, at pgs. 15:1-16:3; *see also* Supp. Martinez Decl., at Exh.
24  B. Plaintiff dismisses these differences out of hand and incorrectly argues that only
25  similarities are relevant to substantial similarity analysis. Opp., at pg. 20:7-8. No
26  case supports this conclusion. To the contrary, over a dozen cases cited in
27  Defendants' brief relied on specific, concrete dissimilarities between the accused
28

and copyrighted works in finding no substantial similarity. [8] Further, the presence of similarities is not dispositive, as these cases dismissed copyright claims notwithstanding articulable similarities between the copyrighted and accused works. *Id.* Indeed, our Supreme Court has explained that artists may properly build on pre-existing works without running afoul of copyright law:

> [C]opyright assures authors the right to their original expression, *but encourages others to build freely upon the ideas and information conveyed by a work …* This result is neither unfair nor unfortunate. It is the means by which copyright advances the progress of science and art.[9]

The same result is warranted here.

## IV.
### NEITHER THE COMPLAINT NOR PLAINTIFF'S COPYRIGHT REGISTRATION ESTABLISH PLAINTIFF'S STANDING TO SUE

Plaintiff does not and cannot dispute that Designs 2 and 3 are part of a single-work registration of a collection of designs. Nor can it dispute that such registrations do not confer standing to sue unless: (1) all items in the collection *are published* as a single collective unit; and (2) the copyright registrant is the same for all designs in the collection. *See* Motion, at pgs. 24:3-15.

Plaintiff concedes there is no such allegation in the FAC. If such allegation could truthfully be made, Plaintiff could have easily asserted it in the Complaint or the FAC. Rather than easily curing this defect by expending two lines of text in the FAC, Plaintiff expends two pages of legal argument in vociferously – and incorrectly – arguing that it has no obligation to do so. Well, it does. *See Delorme v. United States*, 354 F.3d 810, 815 (8th Cir. 2004) ("The burden to show standing it not merely a pleading requirement, but rather an indispensable part of the

---

[8] *See* Mot., at pgs. 15:1-18:4 (*citing*, *inter alia*, *Berkic*, *Zella*, *Capcom*, *Thomas*, *Identity Arts*, *Lake*, *Nelson*, *Durang, Rice*, *Apple Computer*, *Frybarger*, *Alliotti* and *Atari*).

[9] *Feist Publications, Inc v. Rural Telephone Service Co.*, 499 U.S. 340, 371 (1991) [emphasis added]; *see also Atari, Inc. v. Amusement World, Inc.*, 547 F. Supp. 222, 229 (D. Md. 1981) (no substantial similarity between Asteroids and Meteor: "*It seems clear that defendants based their game on plaintiff's copyrighted game; to put it bluntly, defendants took plaintiff's idea. However, the copyright laws do not prohibit this.*" [emphasis added]).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  plaintiff's case."). Indeed, standing is threshold jurisdictional issue that can be
2  raised by the Court *sua sponte* at any time during the litigation. *Id.*

3  Plaintiff incorrectly argues that its copyright registrations are dispositive
4  because they provide that Designs 2 and 3 (each part of a much larger collection of
5  designs) were each published on the same date as the corresponding collections.
6  *See* Opp., at pg. 24:3-10. This "date of publication" argument ignores the standard
7  for proper registration of a collection. The black letter requirement is that all
8  elements of the collection *must be published together as a single unit of*
9  *publication*. Plaintiff ignores this standard in its attempt to escape it.

10 Nor are copyright registrations categorically dispositive of standing as
11 Plaintiff suggests. For example, a copyright assignee would have to allege that,
12 copyright registration notwithstanding, it had standing to sue pursuant to a written
13 assignment. [10] Similarly, subject matter jurisdiction is lacking where a copyright
14 registration certificate does not properly identify a preexisting work. [11]

15 Likewise, an ambiguous registration certificate is insufficient to establish
16 standing. *See Kelly v. L.L. Cool J*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992). Plaintiff
17 dismisses *Kelly* out of hand by selectively quoting from it. The *Kelly* Court
18 actually dismissed a copyright claim for lack of standing at the pleading stage
19 notwithstanding copyright registrations attached to the complaint, noting that their
20 contents were ambiguous. *Id. citing Calloway v. The Marvel Entertainment Group*,
21 1983 WL 1141 (S.D.N.Y. 1983) (dismissing complaint where complaint failed to

---

[10] *See*, *e.g.*, 17 U.S.C. § 501(b) (only "the legal or beneficial owner of an exclusive right under a copyright" is entitled to bring an action for copyright infringement."); 17 U.S.C. § 204(a) (valid copyright transfer must be in writing); *Motta v. Samuel Weiser, Inc.,* 768 F.2d 481, 484 (1st Cir.1985) "[I]f a plaintiff is not the author … he or she must establish a proprietary right *through* the chain of title..."); *Latin Am. Mech. Rights Collection Agency, Inc. v. Marti Advertising, Inc.*, 2002 U.S. Dist. LEXIS 15610, at * 15-17*, *modified and adopted,* 204 F. Supp. 2d 270, 272-284 (D.P.R. 2002) (dismissing without leave to amend based on the failure to allege chain of title and notwithstanding copyright registration).

[11] *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1230 (11th Cir. 2008).

60321972.1                                    - 11 -                    REPLY IN SUPPORT OF DEFENDANTS'
                                                                                   MOTION TO DISMISS

specify registration numbers and attached conflicting registration certificates). *Id.* [12]

This is not an insignificant issue. The failure to publish the works as a single collection – or the subsequent separate publishing of any elements of the collection – divests the Plaintiff of standing to sue for infringement, and by definition divests the Court of jurisdiction to hear the action. Motion, at pgs. 19:8-20:1. Indeed, this precise issue was recently discussed at length by Judge Selna in holding that the plaintiff fabric designer lacked standing to sue for copyright infringement. *See* Supp. Martinez Decl., at Exh. A, at pgs. 5-8. The Court explained that "In fact, **United does not fully appreciate Defendants' argument, and dismisses the argument out of hand in its reply brief**." *Id.*, at pg. 7 [emphasis added]. Further:

> At oral argument, United Contended that a single publication requirement is unworkable for designs because customers come in sporadically, and may or may not be interested in all of the designs in a copyright. This ignores the fact that United has control over what it publishes, when and to whom. *Id.*

Here, Plaintiff made a decision to register numerous designs as a single collection (presumably, to save on registration fees). Plaintiff's failure to allege that it published these collections as single units in compliance with copyright regulations requires dismissal at the pleading stage. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) "Standing is the threshold issue in any suit." [emphasis added]; *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) "[F]ederal courts are under an independent obligation to examine their own jurisdiction.").

Dated: November 9, 2009     Respectfully submitted,

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:  /S/ David Martinez
    David Martinez

---

[12] Further, Plaintiff's copyright registration only raises a presumption of the validity of the matters asserted therein. *See* 17 USC 410(c) (registration constitutes prima facie evidence "of the facts stated in the certificate."). Plaintiff does not disclose in its registration whether all the elements of the relevant collections *published together as a single unit of publication.*

60321972.1      - 12 -      REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS